| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: 7/3/13 |
| PETER VISICH,<br><br>                        Petitioner,<br><br>  - against -<br><br>JOHN WALSH, Superintendent, Sullivan<br>Correctional Facility,<br><br>                        Respondent. | **ORDER**<br><br>10 Civ. 4160 (ER) (PED) |

Ramos, D.J.:

      Petitioner Peter Visich, through his counsel, filed this Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on May 20, 2010. Doc. 1. The Honorable Kenneth M. Karas, to whom this case was previously assigned, referred the Petition to Magistrate Judge Davison on May 24, 2010. Doc. 3. The case was reassigned to the undersigned on January 23, 2012. Doc. 21.

      On August 29, 2012, Judge Davison issued a Report and Recommendation (the "Report"), recommending that the Petition be denied in full. Doc. 24. Objections, if any, were due by September 17, 2012.[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Petitioner's counsel attempted to file Petitioner's Objections electronically on September 14, 2012, but the filing was rejected for failure to choose the appropriate event type on the Court's

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C), parties are required to serve and file any specific, written objections to a magistrate judge's report and recommendation within fourteen days after being served with the report. Rule 6(d) provides that "[w]hen a party may or must act within a specified time after service, and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire . . . ." Fed. R. Civ. P. 6(d). Here, service was made on Petitioner's attorney under Rule 5(b)(1), and thus the three-day extension did not apply. However, Judge Davison directed the parties to file their objections within seventeen days, Report 31; therefore, this Court will apply the deadline set forth in the Report. The Court has also excused Petitioner's counsel's failure to properly file the Objections on the Court's CM/ECF system by the September 17, 2012 deadline. *See supra* at 1-2.

CM/ECF system. *See* Docs. 25, 26. Petitioner was directed to re-file the document on September 14, 2012; however, Petitioner's counsel did not re-file his Objections until December 13, 2012. Pet'r's Objections ("Objections"), Doc. 29.

## I. Background

The factual background and procedural history relevant to the Petition are set forth in Judge Davison's Report, familiarity with which is assumed. *See* Report 2-10.

Petitioner was convicted, on November 13, 2003, after a jury trial in the Supreme Court of the State of New York, Rockland County, of two counts of murder in the first degree, two counts of murder in the second degree, and one count of robbery in the first degree, in relation to the murder of his wife, Evelyn Visich. Petition ("Pet.") 1-2. He was sentenced to concurrent terms of life without the possibility of parole for each of the first-degree murder convictions, twenty-five years to life for each of the second-degree murder convictions, and twenty-five years for the robbery conviction. *Id.* at 2.

On May 20, 2010, Petitioner timely filed the instant Petition, claiming: (1) the state court's refusal to strike the direct testimony of Eddie Cassatt and Frank Thon violated Petitioner's Sixth Amendment right to confront witnesses against him because the witnesses' invocation of the Fifth Amendment privilege against self-incrimination denied Petitioner his right to reasonable cross-examination, Pet. 68; Mem. Law Supp. Pet. ("Pet'r's Mem."), 1-10, Doc. 2; (2) the prosecution failed to provide the defense with "critical information" indicating that Petitioner sought to have his wife assaulted, but not murdered, and the state court's refusal to vacate his conviction on the basis of the alleged *Brady* violation was contrary to, or involved an unreasonable application of, the Supreme Court's decisions in *Brady v. Maryland*, 337 U.S. 83 (1963) and *United States v. Bagley*, 473 U.S. 667 (1985), Pet. 68; Pet'r's Mem. 11-25, Doc. 2;

and (3) the state court's refusal to suppress evidence seized from Petitioner's vehicle pursuant to his purported consent to search violated *Miranda v. Arizona*, 384 U.S. 436 (1966), because Petitioner's consent was the result of a custodial interrogation, and any such consent was subsequently revoked by the appearance of counsel on his behalf. Pet. 69; Pet'r's Mem. 26-36.

On August 29, 2012, Judge Davison issued a Report concluding that: (1) the state court's refusal to strike the direct testimony of Cassatt and Thon did not violate Petitioner's Sixth Amendment right to confront witnesses against him because, even assuming *arguendo* that the matters about which Petitioner sought to cross-examine the witnesses were not collateral, Petitioner's inability to conduct such cross-examination did not preclude him from testing the truth of their direct testimony, Report 21-24; (2) Petitioner failed to establish that any alleged *Brady* material actually existed at the time of his prosecution, or that such evidence was withheld by the prosecution, Report 24-27; and (3) Petitioner's Fourth Amendment suppression claim was not cognizable on habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), because Petitioner had a full and fair opportunity to litigate the claim during an eight-day suppression hearing in state court. Report 27-30.

## II. Standard of Review

### A. AEDPA Review of the State Court Proceedings

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). This deference is required under

the AEDPA if, as here, the petitioner's claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Bell v. Miller,* 500 F.3d 149, 154-155 (2d Cir. 2007).

"Th[e] statutory phrase ['clearly established Federal law as established by the Supreme Court of the United States,'] refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The factual findings made by state courts are presumed to be correct under the second prong of the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

**B. Review of the Magistrate Judge's Report**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The clearly erroneous standard also applies where a party's objections are conclusory, general or "merely perfunctory responses, argued in an attempt to

engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted). "Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### III. Petitioner's Objections

Petitioner has made a general objection to Judge Davison's findings of fact, claiming that Judge Davison failed to consider all of the evidence in the record, and particularly evidence favorable to Petitioner's claims. Objections 8. "An objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Plaintiff also asserts four specific objections to the Report, which are essentially disagreements with Judge Davison's summary of the facts relevant to Petitioner's first and third claims. Objections 8-18. Petitioner did not raise any objections to the portions of Judge Davison's Report addressing his *Brady* claim, and, after carefully reviewing that portion of the Report, the Court finds no error, clear or otherwise. Accordingly, the Court adopts Judge Davison's recommendation to dismiss Petitioner's *Brady* claim for the reasons stated in the Report. *See* Report 24-27.

#### A. Confrontation Clause Claim

In support of his first specific objection, Petitioner argues that Judge Davison failed to address the "overwhelming evidence that Cassatt lied and the People knew it," and that Judge

Davison's findings are not based on the entire record because he "ignor[ed] this perjury." Objections 11. Petitioner's first objection merely reiterates facts and arguments that were presented to, and considered by, Judge Davison, *see, e.g.*, Pet'r's Mem. 4, 6, and therefore this objection does not warrant *de novo* review of the Report. *Kirk v. Burge,* 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (citations omitted). Moreover, contrary to Petitioner's assertions, the facts he alleges Judge Davison "ignored" were explicitly referenced in the Report. *See* Report 7, 18. The Court has carefully reviewed Judge Davison's Report relating to Petitioner's Confrontation Clause claim and finds no error, clear or otherwise. Accordingly, the Court adopts Judge Davison's recommendation that Petitioner's Confrontation Clause claim be dismissed for the reasons stated in the Report. *Id.* at 21-24.

### B. Fourth Amendment Claim

The balance of Petitioner's specific objections relate to facts that he contends are vital to his Fourth Amendment claim, and which he asserts Judge Davison misconstrued or ignored. Objections 12-18. The facts set forth in Petitioner's Objections were all presented to Judge Davison, *see, e.g.*, Pet. 9-31; Pet'r's Mem. 22, 26-36, and there is no indication that Judge Davison ignored any of Petitioner's arguments or assertions. Because Petitioner's second, third and fourth objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the clearly erroneous standard applies. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

This Court has carefully reviewed Judge Davison's Report relating to Petitioner's Fourth Amendment claim and finds it to be clear, thorough and a well-reasoned application of the law. *See* Report 27-30. Additionally, the Court notes that Petitioner did not address Judge Davison's

conclusion that Petitioner's Fourth Amendment claim is not cognizable on habeas review under *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), because he had a fair and full opportunity to litigate the claim in state court. Report 27-30. Therefore, the Court adopts Judge Davison's recommendation that Petitioner's Fourth Amendment claim be dismissed for the reasons stated therein. *Id.*

## IV. Conclusion

For the reasons set forth above, the Court adopts Judge Davison's Report in its entirety. Petitioner's petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to close this case.

It is SO ORDERED.

Dated:   July 1, 2013
         New York, New York

                                                      _____
                                                      Edgardo Ramos, U.S.D.J.